Mr. Justice Clayton
delivered the opinion of the court.
This is an action of debt, founded upon a bond to make title *51 to a tract of land, by the first day of September then next ensuing, in consideration of five hundred dollars in hand paid. It would seem from the pleadings, which are a good deal complicated, that the case is brought here to settle the point, whether an action will lie upon such bond, until the deed has been prepared by the vendee, presented to the vendor for execution, and the title demanded; or at least until the title has been demanded. In other words, can the action be sustained, after the day fixed for making the title has passed, without any step taken to put the covenantor in default? This suit was brought on the 6th day of September, 1847. The defendant, in one of his pleas, alleges that he was always ready to make a deed as required by his title bond, and he tenders with his plea, a deed which was executed on the 10th of August, 1847, to which no objection appears, except that it was not tendered on the day required by the title bond.
We will first make some remarks upon the point presented in this state of the pleadings, and afterwards upon the amendment, which presents it in another shape. The plain meaning of the covenant of the defendant is, that he should prepare the conveyance by the time stipulated. It is an obligation taken upon himself. That is the substance of his agreement, and he cannot shield himself, by saying the covenantee ought to prepare the conveyance. This is the rule in New York and in Pennsylvania, and it was formerly the rule in England. But in the latter country, the intricacy of titles has produced a change, and it is now the practice for the solicitor of the vendor, to prepare an abstract of the title, and deliver it to the solicitor of the vendee for examination, who, if he approves it, prepares the conveyance. Connelly v. Pierce, 7 Wend. 130; Sweitzer v. Hummel, 3 S. & R. 230; Sug. Ven. 296 ; Johnson v. Beard, 7 S. & M. 214. In New York it is decided, however, that the covenantee must demand the deed, and wait a reasonable time for its preparation, before he can maintain an action. Connelly v. Pierce, ut supra. It is clear that either the vendor must go in search of the vendee, to make delivery of the d.ced, where no place is stipulated for that purpose, or that the vendee must go to the vendor, or to his *52 residence, to make demand of it. This court has decided, that in actions upon covenants, in regard to realty, the party plaintiff must put the other party in default, before he can recover. Stockton v. George, 7 How. R. 172.
The covenantor here, could not, with certainty, be said to be in default, until demand made upon him for the deed. If the commencement of the suit be regarded as a demand, then the plea of tender of the deed in court, with an averment that he was ready at the day to make it, must be a sufficient answer. There may be cases which would excuse the want of a demand, as absence of the party, or a wilful keeping out of the way to avoid it. But in this instance no peculiar circumstances are shown to exist. On the whole, we come to the conclusion, that the vendee must demand the deed, in a covenant like this, before he can maintain his action; but that it is the duty of the vendor to prepare it.
The second count of the amended declaration avers a demand of the deed, at divers times, and a failure on the part of the defendant to make it. To this a demurrer was filed, and the causes assigned are, 1st, that no demand of the deed is alleged to have been made before suit brought; and, 2d, that it is not averred that plaintiff prepared a deed, and presented it to defendant for his execution before suit brought. This demurrer was sustained. From what has already been said, it will be seen that the second cause [assigned was not well taken. There was no necessity for such averment. The declaration contains a sufficient allegation of the demand of the deed. The demurrer, therefore, should have been overruled.' Whether the demand were made before the suit was brought, was a question of fact, for the determination of the jury. For the error in sustaining the demurrer to a declaration, which was good, the judgment will be reversed, and the cause remanded.
In Johnson v. Beard. 7 S. & M. 214, it was not decided, whether it was sufficient to allege a demand, or whether it was necessary also to allege that the plaintiff had prepared the deed, *53 and presented it for execution. We now hold the former allegation alone to be sufficient.
Judgment reversed, and cause remanded.